[Crim. No. 722.   Department Two. — April 6, 1901.]

## THE PEOPLE, Respondent, v. PATRICK A. KELLY, Appellant.

CRIMINAL LAW — GRAND LARCENY — INSTRUCTIONS — INTELLIGENCE AND JUDGMENT OF JURY. — Where the court, upon the trial of a defendant accused of grand larceny, had correctly charged the jury as to the principles of law applicable to the case, and favorably to the defendant, it was not erroneous or prejudicial to tell the jury that they should bring their intelligence to the consideration of the case, and let their common sense and best judgment control them in its determination. Such language could not give to the jury the impression that they might disregard the instructions as to the law.

ID. — EVIDENCE — SUDDEN POSSESSION OF MONEY. — Though evidence of the wealth or poverty of a defendant accused of grand larceny is not permissible, evidence is admissible to show that previous to the date of the crime the defendant was without money, and that immediately after that date he had a large amount of money.

ID. — REQUESTED INSTRUCTION AS TO ABSENCE OF MOTIVE — PERTINENCY. — In the absence of any attempt to show a want of the usual motive to commit larceny, the court did not err in refusing a requested instruction, " that when the evidence fails to show a motive to commit the crime charged on the part of the accused, this is a circumstance in favor of his innocence." Generally, an instruction as to motive is not pertinent on a trial for larceny; and it is pertinent only where there are peculiar circumstances calling for it. There is always an apparent motive for that crime.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Joseph E. Ennis, and Thomas Scott, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

McFARLAND, J. — Appellant was convicted of grand larceny, and appeals from the judgment and from an order of the court denying a motion for a new trial.

The position that the evidence did not justify the verdict is untenable. The evidence was circumstantial, but it tended

strongly to show appellant's guilt, and there is no ground for holding that as matter of law it was insufficient to support the verdict.

After the court had correctly charged the jury on the subject of reasonable doubt, and had instructed correctly as to the general principles of law applicable to the case, and very favorably to appellant, it used the following language, which is claimed by appellant to have been erroneous: "But take this case, bring your intelligence to the consideration of it, and let your common sense and your best judgment control you in its determination." It is contended that this language would give the impression to the jury that they might "disregard the instructions as to the law"; but this contention cannot be maintained. The fair meaning of the language was, simply, that the jury, having the evidence and the instruction of the court as to the law before them, should exercise their best judgment in coming to a conclusion. We see in this language nothing erroneous or prejudicial.

The larceny having been committed on the morning of June 8th, the prosecution asked the witness Lund the following question: "Did you, previous to the eighth day of June of this year, while the defendant was working for Mr. Hanna, transact any business with him on his account?" and the witness Delmue having testified that he saw the defendant after the alleged time of the larceny, the prosecution asked him this question: "Did he have any money at that time?" Appellant objected to both of these questions, and his objection having been overruled, he excepted. The contention is, that these questions had reference to the financial condition of the appellant at different times, and for this reason were irrelevant and incompetent. The answer of Lund to the question asked him was rather colorless, and of little importance. Delmue testified that on the occasion of which he spoke the appellant exhibited considerable money. But assuming that the answers to both of these questions tended to show that before the date of the larceny the appellant had no money, and that afterwards he had a large amount of money for a man in his circumstances, still the evidence was properly admitted. Generally, evidence of the wealth or poverty of a defendant is not admissible; but the sudden possession of money, immediately after the commission of a larceny, by one who before that had been

impecunious, is clearly admissible as a circumstance in the case. (2 Bishop's New Criminal Procedure, sec. 748.)

The court did not err in refusing to give the following instruction asked by appellant: "That when the evidence fails to show a motive to commit the crime charged, on the part of the accused, this is a circumstance in favor of his innocence." Generally, an instruction as to motive is not pertinent on a trial for larceny, for there is always an apparent motive for that crime; although there might, perhaps, be peculiar circumstances calling for such an instruction. But the instruction was certainly not applicable to the evidence in the case at bar, for there was no attempt on the part of the appellant to show any want of the usual motive which prompts the commission of the crime of larceny.

There are no other points made by appellant.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.