[Crim. No. 8.   Third Appellate District.—September 21, 1905.]

## THE PEOPLE, Respondent, v. SAM PELTIN, alias VICTOR PETERSON, Appellant.

CRIMINAL LAW—GRAND LARCENY—SUFFICIENCY OF INFORMATION— DESCRIPTION OF MONEY STOLEN—GROUNDS OF DEMURRER NOT SHOWN.—An information for grand larceny which describes the property stolen as "about" eighty dollars lawful money of the United States, shows with sufficient definiteness and certainty that more than fifty dollars were stolen, as against a general demurrer, or where the record does not disclose whether the demurrer was general or special.

ID.—USE OF WORD "ABOUT"—COMMON UNDERSTANDING.—The word "about" is frequently used as a synonym for the word "nearly" or "approximately." When a person of common understanding would readily know what is meant, and no substantial right is infringed, the information must be upheld.

ID.—EVIDENCE — MONEY STOLEN FROM CASH REGISTER — MARKED, MUTILATED, AND COUNTERFEIT PIECE—POSSESSION OF DEFENDANT. —Where the money was taken from the plaintiff's cash register, which contained a marked and mutilated half-dollar piece, assuming it to be counterfeit, evidence is admissible to show the possession thereof by the defendant when arrested, as tending to connect the defendant with the commission of the offense charged.

ID.—MONEY ON PERSON OF DEFENDANT—EVIDENCE OF PRIOR CONDITION. —Where money was found on the person of the defendant when

arrested, evidence is admissible to show that he had no money just before the crime was committed.

ID.—CREDIT OF DEFENDANT.—It was not error to exclude evidence that the credit of the defendant was good and that he could have borrowed money, in the absence of any showing that he did in fact borrow it.

ID.—PRESUMPTION FROM POSSESSION—GOOD CHARACTER—REFUSAL OF REQUESTED INSTRUCTION.—It was proper to refuse a requested instruction that the presumption arising from possession alone of stolen property is removed by evidence of good character, as tending to invade the province of the jury, where the evidence of good character was not general, and was partially neutralized by circumstances in proof, such as masquerading by the defendant under an assumed name.

ID.—INSTRUCTIONS BASED ON EVIDENCE OF RECENT POSSESSION—CONSTRUCTION OF INSTRUCTIONS.—An instruction as to recent possession of stolen property, based on evidence that when arrested defendant had upon his person the exact number of five and twenty dollar pieces taken from the cash register, is to be taken in connection with other instructions given, which make the instructions bearing on that question a full and correct statement of the law.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

E. W. Holland, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

McLAUGHLIN, J.—The defendant was convicted of grand larceny, and appeals from the judgment and from the order denying his motion for a new trial.

The first contention of appellant is that the information is indefinite and uncertain, because the property stolen is described as being "*about* eighty dollars lawful money of the United States of America." This contention cannot be sustained. The word "about" is frequently used as a synonym for the word "nearly" or "approximately," and such use is sanctioned by definitions found in the various standard dictionaries. Understood in this sense, it cannot be said that the information in the case at bar fails to charge the larceny

of more than fifty dollars, or that there is any material uncertainty as to the value of the property stolen. The use of qualifying words is not commended, for the value of the property taken should be clearly and definitely stated in an information for grand larceny. But when a person of common understanding would readily know what is intended, and no substantial right of a defendant is infringed, the information must be upheld. (Pen. Code, secs. 957, 959, 960.) We are not informed as to the grounds upon which the demurrer is based, and therefore cannot know whether it was general or special, and it has been held that in the absence of a special demurrer such a statement as to value is sufficient. (*People* v. *Richards,* 136 Cal. 128, [68 Pac. 477].)

A marked and mutilated half-dollar piece which was in the looted cash register was found on the person of the defendant when he was arrested a short time after the crime was committed. Evidence to this effect was received and the coin was admitted as an exhibit in the case against defendant's objection. It is now urged that such rulings were erroneous, because the coin was counterfeit, and proof of its theft could not sustain the charge made. True, the defendant was charged with stealing lawful money, but conceding the proposition of law relied upon, and also assuming that the coin was counterfeit and not merely mutilated, it does not follow that it was error to admit the evidence complained of. This coin was clearly identified as an article taken from the cash register at the time the crime was committed, and the evidence objected to was admissible for the same reason that would make a knife, chain, or other article proper evidence under similar circumstances. It connected defendant with the commission of the offense, and tended strongly to show that he was the person who opened the cash register and abstracted its contents.

It was not error to admit evidence showing that the defendant had no money just before the crime was committed. (*People* v. *Kelley,* 132 Cal. 430, [64 Pac. 563]; *People* v. *Sullivan,* 144 Cal. 471, [77 Pac. 1000].) Nor was it error to exclude evidence to prove that defendant's credit was good and that he could have borrowed money. If he did in fact borrow money, evidence to that effect would be admissible, but his ability to do so could have no bearing on the case, and

could not in the slightest degree tend to account for the money found on his person.

The court refused to instruct the jury that "the presumption arising from possession alone of stolen property is removed by evidence of the good character of the defendant." This is assigned as error, but giving *People* v. *Hurley,* 60 Cal. 77, [44 Am. Rep. 55], due weight as authority, touching the legal proposition there declared, we think such instruction was properly refused. The court was not privileged to invade the province of the jury and determine the weight to be given evidence in the case. The evidence as to good character was based largely on personal acquaintance and knowledge rather than general reputation, and circumstances, such as masquerading under an assumed name, tended to neutralize its effect. If this instruction could be proper under any state of facts, it certainly would not have been proper in the case at bar. The instruction touching the recent possession of stolen property must be read in connection with other instructions, and this done, the instructions bearing on this phase of the case contained a full and correct statement of the law. (*People* v. *Etting,* 99 Cal. 578, [34 Pac. 237].) The defendant when arrested had upon his person the exact number of five and twenty dollar pieces taken from the cash register, and the total amount found in his pockets was within a few cents of the sum stolen. The instruction was therefore based on evidence in the case regardless of the mutilated or counterfeit coin heretofore mentioned. There was no misconduct on the part of the district attorney. That the defendant was known by another name is not contradicted, and this was the essential part of the statement objected to. The evidence was entirely sufficient to sustain the verdict. The judgment and order are affirmed.

Chipman, P. J., and Buckles, J., concurred.