[Nos. 38938, 38939.   Department Two.   December 1, 1966.]

THE CITY OF SEATTLE, *Respondent*, v. LOUELLA MULDREW, *Appellant*.*

*Lockett & Johnson* and *William F. Lockett,* for appellant.

*A. L. Newbould* and *J. Roger Nowell,* for respondent.

PER CURIAM.—Appellant was convicted in the Seattle Municipal Court of agreeing to commit an act of prostitution and of resisting arrest in violation of Seattle ordinances. On appeal to the King County Superior Court, the two causes were consolidated, and appellant was again convicted in a trial to the court. At the conclusion of the city's evidence, appellant moved for dismissal on the ground that the city had not established a prima facie case. The motion was denied, and appellant rested without presenting any evidence. On appeal to this court, appellant makes two assignments of error which in effect challenge the sufficiency of the evidence to sustain the two findings of guilty.

Initially we note that appellant has cited no authority in support of her assignments of error. Where no authorities are cited in support of a proposition, the court is not required to search for authorities, but may assume that counsel, after diligent efforts, has found none. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 372 P.2d 193 (1962). An assignment of error which is not supported by

*Reported in 420 P.2d 702.

cited authority will not be considered unless it appears on its face that the assignment is well taken. *Jones v. National Bank of Commerce,* 66 Wn.2d 341, 402 P.2d 673 (1965). Appellant's assignments presently before us do not appear to meet that standard.

In any event, appellant's assignments of error fail in another regard, which we determine to be dispositive of the instant appeal. Appellant, although challenging the sufficiency of the evidence, has not assigned error to any of the trial court's findings of fact. When no error is assigned respecting the trial court's findings of fact, they become the established facts of the case. *Seattle v. Reel, ante* p. 227, 418 P.2d 237 (1966); *State v. Mercy,* 55 Wn.2d 530, 348 P.2d 978 (1960). In the present case the trial court made the following findings of fact:

III. That the conversation between defendant and Officer Ensz related to an act of sexual intercourse which the defendant agreed to perform with the officer for a sum of $20.00.

IV. That after the bargain was struck, the defendant directed the officer into the Roma Hotel where a private room was secured for $3.00.

V. That the defendant entered the rented room with Officer Ensz and, after the officer laid a Twenty Dollar bill on the dresser, began to disrobe.

VI. That at such time Ensz identified himself as a police officer, orally and by displaying his badge, and informed the defendant she was under arrest for agreeing to commit an act of prostitution.

VII. That the defendant thereupon resisted the officer by struggling with him, biting him and brandishing an open pocket knife at him in an effort to escape from his custody.

IX. That the testimony of plaintiff's witnesses, Officers Ensz and Gehlhoff was candid, clear, convincing and wholly unrebutted due to the election of the defense to rest its case at the conclusion of the plaintiff's evidence.

The findings of fact fully support the trial court's determination as to the guilt of the defendant. The appeal is without merit.

The judgment of the trial court should be affirmed. It is so ordered.