[No. 39305. Department Two. February 8, 1968.]

LINLEY J. JANZEN et al., *Respondents*, v. JAMES W. PHILLIPS et al., *Appellants.*\*

*Preston, Thorgrimson, Horowitz, Starin & Ellis*, by *John A. Gose*, for appellants.

*James R. Young*, for respondents.

\*Reported in 437 P.2d 189.

Evans, J.†—This case concerns an action by a landscape architect to recover a fee. The principal question on appeal is whether a contract existed between the parties for the landscaping of defendants' residence.

The facts in this case are at best hazy. Plaintiff, a landscape architect, contacted defendants, Mr. and Mrs. Phillips, regarding the possibility of landscaping their new home in Bellevue, Washington. Defendants agreed, at least tentatively, to have plaintiff landscape their home and plaintiff submitted plans for their approval. The trial judge found that there was no definite discussion of costs or reimbursement at this time. Defendants told plaintiff they wanted a "first-class job" and presumably work went ahead on this basis.

Plaintiff commenced work on February 10, 1964. On March 5, 1964, he sent defendants a progress billing of $3,223.27. According to the trial judge, defendants were "shocked." The landscaping job was not nearly completed and it seemed apparent, according to Mr. Phillips' testimony, that the total cost of the job would far exceed the defendants' expectations.

Defendant husband (hereinafter referred to as defendant) telephoned plaintiff on March 8 to complain about the bill. The exact content of this conversation is unclear, but the trial judge found that the parties did agree that plaintiff would landscape defendant's property for approximately $6,500.

As a result of this conversation and at defendant's behest, plaintiff, on March 10, 1964, sent a letter to defendant to confirm their agreement. It is this letter which constitutes the principal subject matter of the present dispute. Defendant contends this letter is a memorandum of a contract between the parties binding plaintiff to landscape his property for a fixed price. Plaintiff contends this letter is only a notation of an agreement, which does not and was never intended to rise to the dignity of a contract.

---

†Judge Evans is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

In any event, following the letter of March 10, the parties were seemingly satisfied for a while. Plaintiff sent a second bill on April 9, 1964, for $1,817.48, which defendant readily paid. This tranquillity, however, was short-lived. On May 10, 1964, plaintiff sent a third bill to defendant, this one for $4,933.10. Finally, on June 10, 1964, plaintiff sent a total recapitulation of all billings in the amount of $10,832.66. Defendant refused to pay. Instead, he tendered a check in an amount equal to the difference between his prior payments, $5,040.75, and the price upon which the parties allegedly had agreed, $6,500. The tender was refused.

Plaintiff ultimately sought relief in superior court, contending that he had a right to recover on a "cost-plus" basis —a basis of payment he alleged the parties had agreed upon at the outset. Defendant countered by contending that the parties had never reached an agreement until the telephone conversation of March 8. He further contended that the parties at that time agreed upon a fixed-price contract, as evidenced by the letter of March 10, which plaintiff has now exceeded. After hearing the matter, the trial judge concluded that there was no contract at all. Instead, he decided that plaintiff had a right to recover on the basis of quantum meruit and awarded to plaintiff $4,391.41, premised on the value of the work done ($10,832.16), less the amount paid ($5,040.75) and the amount it cost defendant to complete the work ($1,400), for a net of $4,391.41. It is from this determination that defendant appeals.

The principal issue on appeal is whether the following portion of the trial judge's one conclusion of law is correct:

> That Exhibit #9 [the letter of March 10] is too indefinite to be capable of being a contract between plaintiff and defendants and, hence, cannot be enforced.

Plaintiff's March 10 letter to defendant is as follows:

Mr. James W. Phillips
1060 91st N. E.                                    March 10, 1964
Bellevue, Washington

Dear Mr. Phillips:

> Regarding our conversation of March 8, I agreed substantially that I would landscape your grounds for $6,500.00, or nearly so, having spent $3,200.00 already.

It is possible that more topsoil will be necessary in the rear part of your property. At this time I cannot say exactly how much as your subsoil is so very poor it will not drain; however, I will inform you if top soil is necessary and approximately that quantity needed.

In any event, my figure of 13% of the estimated price of your property, or $6,500.00, will substantially landscape most of your property. However, in all fairness I believe that after grading has been done that it would be to the advantage of both of us to delay planting until the weather dries off a bit. The front can be done if we can drive on the blacktop in order to develop or plant the rear; but if we cannot drive on the driveway, an area must be left incomplete.

> Very truly yours,
> /s/ Linley J. Janzen
> Linley J. Janzen

It is clear that if the words "substantially" and "or nearly so" were removed from the letter it would constitute a valid memorandum of a contract. The parties to the contract are identified, the subject matter is expressed, and the terms are stated with reasonable certainty. See Restatement of Contracts § 207 (1932). Consequently, the question is whether inclusion of these words makes what would otherwise be a valid contract too indefinite to be enforceable.[1]

■ When, as in the instant case, parties appear to have tried to reach an agreement expressing their intentions, courts will not lightly declare their efforts to be without effect for lack of certainty. *Warner v. Channell Chemical Co.*, 121 Wash. 237, 208 Pac. 1104 (1922). Rather, they will endeavor to discover the parties' true meaning or intent

---

[1]Plaintiff contends that a "cost-plus" contract existed between the parties from the outset, and that therefore there was no consideration which would support what he alleges would be a "modification" of this contract on March 8. There is no merit to this contention. The trial judge found that there was no definite discussion of costs or reimbursement prior to March 8, and since plaintiff did not take a cross-appeal on this finding it will be accepted by this court as an established fact of the case. *Seattle v. Muldrew*, 69 Wn.2d 877, 420 P.2d 702 (1966). If there was no definite discussion of costs or reimbursement prior to March 8, we see no basis for finding a contract before then.

and then attempt to carry it out. *Wetherbee v. Gary*, 62 Wn.2d 123, 381 P.2d 237 (1963). Courts should, whenever possible, resist destruction of contracts because of indefiniteness or uncertainty. *Olson v. Balch*, 63 Wn.2d 938, 389 P.2d 900 (1964).

■ It is our judgment that the words "substantial" and "or nearly so" do not vitiate the letter of March 10 as a memorandum of a contract. The word "substantially" has been equated with the words "about" and "essentially." *Gilmore v. Red Top Cab Co.*, 171 Wash. 346, 17 P.2d 886 (1933). "Nearly" and "about" are frequently used synonymously. *People v. Peltin*, 1 Cal. App. 612, 82 Pac. 980 (1905). These words are employed to modify terms intended to be close approximations and, as such, their existence in a writing does not make the writing too indefinite to evidence a contract. 1 A. Corbin, Contracts 448 n.57 (1963); Annot., 58 A.L.R.2d 377 (1958).

■ In support of the trial court's judgment and in opposition to defendant's assertions on appeal, plaintiff states that he never intended to enter into a contract with defendants for a fixed price. However, his only support for this position arises from his testimony concerning reservations, doubts, and desires he allegedly held when talking to defendant on March 8 and when sending the letter of March 10. Since it is only the objective manifestations of the parties which are important when ascertaining the meaning of a contract, and not their subjective intent, *Plumbing Shop, Inc. v. Pitts*, 67 Wn.2d 514, 408 P.2d 382 (1965), plaintiff's position is without merit.

This court holds that the agreement between the parties must be taken as an undertaking to substantially landscape defendant's property for $6,500 or nearly so. The parties did not contemplate that a detailed amount of work was to be performed for a precise sum. Some latitude was to be expected, but not so much as to render the contract too indefinite for enforcement. Plaintiff's price must be a reasonable approximation of the price specified for the work contemplated.

We do not fix that amount. We hold only that an amount almost double the amount specified exceeded a reasonable approximation. Essentially the question is one of fact to be determined by the trial judge in the light of all the evidence.

The judgment is reversed and the case remanded for further proceedings in accordance with the opinions herein expressed.

FINLEY, C. J., HILL, HUNTER, and HAMILTON, JJ., concur.

March 26, 1968. Petition for rehearing denied.