[No. 7985-9-I.   Division One.   March 9, 1981.]

CARPENTERS TRUSTS OF WESTERN WASHINGTON, *Respondent,* v. AA CONSTRUCTION, INC., ET AL, *Appellants.*

*James K. Adams* and *Monte E. Hester,* for appellants.

*Judith Burghardt,* for respondent.

WILLIAMS, J.—Carpenters Trusts of Western Washington brought this action claiming that AA Construction, Inc., had not fully contributed to certain trusts established for the benefit of that company's carpenter employees. After trial to the court without a jury, judgment for $45,549.46 was entered against AA Construction, Inc., which appeals.

■ It is not necessary to detail the facts. The trial court's finding that AA Construction agreed to comply with the 1971–74 collective bargaining agreement negotiated by the Home Builders Association of Greater Tacoma and the Washington State Council of Carpenters is supported by the record. An officer of the Home Builders Association testified and produced corroborating documents that his organization represented AA Construction, a member of the association since 1964, during negotiations leading to the 1971–74 collective bargaining agreement. AA Construction expressly assigned its bargaining rights to Tacoma Home Builders in the mid–1960's by completing an application form which granted to the Home Builders Association the right to bargain on behalf of AA Construction. As the executive officer of the Home Builders Association testified, "in the 60's we had his [AA Construction's] rights all the way." That officer also testified that AA Construction did not

retract its assignment of bargaining rights until January 1974. The finding that AA Construction was bound by the 1971–74 collective bargaining agreement will not be disturbed. *Seattle–First Nat'l Bank v. Brommers,* 89 Wn.2d 190, 199, 570 P.2d 1035 (1977).

Similarly, the trial court was warranted in finding that AA Construction was bound to the 1974–77 collective bargaining agreement between the Home Builders Association and the Council of Carpenters. In a letter dated September 23, 1974, Graig Anderson, president and sole stockholder of AA Construction, requested the Home Builders Association to "place our name on your list of contractors for bargaining rights, effective immediately." The letter of September 23, 1974 supports the trial court's finding that AA Construction intended to be bound to the then existing (1974–77) collective bargaining agreement. *See Dwelley v. Chesterfield,* 88 Wn.2d 331, 335, 560 P.2d 353 (1977).

Moreover, AA Construction submitted monthly remittance reports to Carpenters Trusts from 1964 to 1972 for both union and nonunion employees, and from 1972 to 1977 for union employees, thereby acknowledging participation in the collective bargaining agreements. *Carr v. Settle Constr. Co.,* 11 Wn. App. 336, 522 P.2d 849 (1974). *See also Restaurant Employees, Bartenders & Hotel Serv. Employees Welfare Fund v. Rhodes,* 90 Wn.2d 162, 580 P.2d 611 (1978); *Trust Fund Servs. v. Glasscar, Inc.,* 19 Wn. App. 736, 742–43, 577 P.2d 980 (1978).

AA Construction argues that the submission of the remittance reports could not bind it to the collective bargaining agreements because the office personnel who signed the remittance reports had no authority to contract for AA Construction. It is not disputed that the office personnel who filled out the remittance reports were without authority to bind AA Construction to a collective bargaining agreement. But, the record shows that Graig Anderson, the executive officer and sole stockholder of AA Construction, did authorize the submission of the remittance reports. He therefore bound AA Construction to the terms of the col-

lective bargaining agreement incorporated by reference in the remittance reports. RCW 23A.08.470. *See also Culinary Workers Local 596 v. Gateway Cafe, Inc.,* 91 Wn.2d 353, 365–66, 588 P.2d 1334 (1979).

■ AA Construction also contends that the December 1972 sale of all of its common stock to Graig Anderson terminated any obligations it had under the 1971–74 collective bargaining agreement. *Wal–Lite Div. of United States Gypsum Co. v. NLRB,* 484 F.2d 108, 110 (8th Cir. 1973). This argument was not raised at trial and will not be considered on appeal. *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 240, 588 P.2d 1308 (1978).

The judgment is affirmed.

RINGOLD, A.C.J., and ANDERSEN, J., concur.