447 P.2d 907

**Virgil E. NORTON, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECU-RITY and Board of Review of the Industrial Commission of Utah, Defendants.**

**No. 11292.**

Supreme Court of Utah.

Dec. 2, 1968.

Paul N. Cotro-Manes, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Fred F. Dremann, Sp. Asst. Atty. Gen., Salt Lake City, for defendants.

HENRIOD, Justice.

Review of a decision of the Industrial Commission's Board of Review, affirming an Appeals Referee's denial of unemployment benefits to a full-time employee who also was a registered student attending an established school—who, because of ill health, left school but nonetheless remained on the job full time. Affirmed.

This case has to do with Title 35–4–5(g), Utah Code Annotated 1953, as amended (Vol. 4, Replacement Volume 1963, p. 791).[1]

It is conceded by everyone that the applicant earned about $5000 during the statutory base period for benefit entitlement, only about $2000 of which was earned while he was attending school. Also, it is conceded that he was attending an established school. Thus he falls squarely within the provisions of the statute.

Nevertheless, the applicant says that: 1) he complied with the statute under the facts here, and 2) anyway the statute is unconstitutional as being offensive to Art. I, Sec. 2, of our State Constitution and the Fourteenth Amendment of the Federal Constitution.

As to 1): It is urged that the applicant was a full-time employee irrespective of the fact that he was attending school, and the incidence of attending school does not change that *status*. We agree with the major but not the minor premise. The leg-

---

1. "35–4–5 An individual shall be ineligible for benefits or for purposes of establishing a waiting period:

(g) For any week in which he is registered at and attending an established school, or is on vacation during or between successive quarters or semesters of such school attendance; unless the *major portion of his wages for insured work during his base period was for service performed while attending school*, provided, however, that notwithstanding the provisions of this subsection an otherwise eligible individual shall not be ineligible to receive benefits while attending night school, a part-time training course, or a course approved by the commission; and provided further that, satisfactory attendance and satisfactory progress in a course approved by the commission shall be evidence of availability." (Emphasis added.)

islature simply said that albeit he was a full-time worker, the incidence of attending school, though not changing that *status*, impaired his entitlement to benefits unless certain statutory interdictions were met. It is not for us to rationalize why the legislature did this, but it is for it to choose the conditions required for benefits and the class of beneficiaries that may be heir to the legislature's last will and testament. Hence we are constrained to and do conclude that applicant's urgence under this point is without merit.

■ As to 2): The main thrust of the applicant's second point is that in denying benefits to him, a student attending an established school, but granting them to those attending night school, constitutionally is discriminatory. At first blush, we confess that the cold logic of applicant's counsel is difficult to overcome by a layman or even a jurist. Difficulty arises, however, in neither's expertise in determining the reason for such distinction, and neither knows the economic, social or historic background for such legislative classification.

We can see a reason or reasons for the designation and classification of the beneficiaries named in the act and the exclusions specified, but venturing a guess as to why, historically, practically or otherwise, the legislature concluded as it did,—what with the labor availability factor, budget problems, employer-employee relations, insurance premiums, maximum general benefits to certain population segments all affecting the common weal,—would be to indulge in an excursion into a bailiwick foreign to our assigned function.

■ The presumption of constitutionality of a statute transcends its destruction unless the latter so obviously is obsessed with cupidity and unreason as to have no substantial basis for its existence. We believe that is not the instant case. Without quoting in extenso from decisions which support our conclusion, we commend the reader to an examination of a leading case which seems to be apropos here,—Carmichael v. So. Coal & Coke.[2]

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

2. 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327 (1937). See also W. H. H. Chamberlin, Inc. v. Andrews, 271 N.Y. 1, 2 N.E.2d 22, 106 A.L.R. 1519 (where it was said: "Judicial inquiry does not concern itself with the accuracy of the legislative finding, but only with the question whether it so lacks any rea-
sonable basis as to be arbitrary"), and Dominion Hotel v. Arizona, 249 U.S. 265, 39 S.Ct. 273, 63 L.Ed. 597 (1919); Acierno v. Gen. Fireproofing Co., 166 Ohio St. 538, 144 N.E.2d 201 (1957); and Cornell v. Schroeder, 94 Ohio App. 75, 114 N.E.2d 595 (1952), all cited in the Commission's brief.