Darrell R. SHREVE, Relator,

v.

DEPARTMENT OF ECONOMIC
SECURITY, Respondent.

No. 49008.

Supreme Court of Minnesota.

July 27, 1979.

Robert Lyman, Legal Aid Clinic, Minneapolis, for relator.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter C. Andrews, Asst. Atty. Gen., Frank W. Levin, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard before SHERAN, C. J., and PETERSON and YETKA, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Writ of certiorari to the commissioner of the Minnesota Department of Economic Security to review a decision affirming the denial of unemployment compensation to claimant, Darrell R. Shreve, on the basis that he was conclusively presumed to be unavailable for work under a 1977 amendment to Minn.St. 268.08, subd. 1(3), which reads:

"An individual shall be deemed unavailable for work with respect to any week which occurs in a period when his principal occupation is that of a student in attendance at, or on vacation from an established school, college or university unless a majority of the credit weeks earned in his base period were for services performed during weeks in which he was attending school."

We affirm.

From 1967 until 1976, claimant studied at the University of Minnesota, earning his

Master's Degree in American Studies in 1969 and his Doctorate in 1976. Since 1969, claimant has continually worked at least part time, teaching both at the university and at St. Olaf College. Upon completing his Doctorate requirements, claimant was appointed to a temporary full-time position on the faculty of St. Olaf, lasting from September 1976 until July 1977. During that year at St. Olaf, claimant actively sought another college teaching position. Thereafter, unable to find a position and pessimistic about career opportunities as a college teacher, claimant enrolled in law school in order to attain an alternative means of support for his family.

Shortly after beginning law school in September 1977, while continuing his search for a teaching position, claimant applied for unemployment compensation. Compensation was denied on the basis of § 268.08, subd. 1(3), quoted above, when the claims deputy conclusively presumed claimant unavailable for work upon finding that he was currently a full-time student; that he had earned 41 credit weeks during his base period;[1] and that he had been a student during none of those weeks.

Two issues are presented to us for decision. First, does the 1977 amendment to § 268.08, subd. 1(3), create a rebuttable or an irrebuttable presumption of unavailability? Second, if it does create an irrebuttable presumption, does the amendment deny claimant due process of law?

We note at the outset that our decisions in *Goodman v. Department of Employment Services,* 312 Minn. 551, 255 N.W.2d 222 (1977); *Semanko v. Department of Employment Services,* 309 Minn. 425, 244 N.W.2d 663 (1976); and *Hensen v. Continental Can Co.,* 301 Minn. 185, 221 N.W.2d 670 (1974), are not controlling here. In those cases, we emphasized that the issue of availability for work was a question of fact to be considered anew on the facts of each case, and we disapproved the commissioner's blanket determination that students per se were unavailable for work. Those decisions, however, preceded the enactment of the amendment now before us and must, therefore, yield to its requirements.

1. The Department of Economic Security asserts, and claimant does not dispute, that the 1977 amendment to § 268.08, subd. 1(3), evolved from a combination of similar provisions in the unemployment compensation laws of Idaho and Utah.[2] Both of these states have interpreted their statutes as creating irrebuttable presumptions of unavailability, *Swanson v. Employment Security Agency,* 81 Idaho 385, 342 P.2d 714 (1959); *Norton v. Department of Employment Security,* 22 Utah 2d 24, 447 P.2d 907 (1968) (by implication), and these interpretations preceded the enactment of the comparable provision in this state. As we stated in *Olson v. Hartwig,* 288 Minn. 375, 377, 180 N.W.2d 870, 872 (1970):

"* * * [N]ormally when we adopt a statute from another state which has been interpreted by the highest court of that state, we take the interpretation with the statute." (Footnotes omitted.)

---

1. Minn.St. 268.04, provides, in part: "Subd. 2. 'Base period' means the period of fifty-two calendar weeks immediately preceding the first day of an individual's benefit year. * * *

\* \* \* \* \* \*

"Subd. 29. 'Credit week' with respect to any claim for benefits which establishes a benefit year subsequent to July 2, 1977, is any week for which wages have been paid and wages are due and payable but not paid of $50 or more by or from one or more employers to an employee for insured work."

2. The comparable Idaho statute provided: "A week of unemployment with respect to which an eligible benefit claimant shall be entitled to benefits shall be known as a compensable week; provided, however, that *no person shall be deemed to be unemployed while he is attending a regular established school* excluding night school." (Italics supplied.) Idaho Code, § 72–1312(a).

The Utah statute stated: "An individual shall be ineligible for benefits or for purposes of establishing a waiting period:

\* \* \* \* \* \*

"(g) For any week in which he is registered at and attending an established school, or is on vacation during or between successive quarters or semesters of such school attendance; unless the *major portion of his wages for insured work during his base period was for services performed while attending school, * * *.*" (Italics supplied.) Utah Code Ann. § 35–4–5.

Moreover, an amendment to a statute is usually presumed to have been intended by the legislature to effect some change in the law. *Washington Cty. v. Am. Fed. of State, etc.,* 262 N.W.2d 163 (Minn. 1978). Because the burden of going forward to prove eligibility was on the claimant even before the statute was amended in 1977, see *Kleinwachter v. Department of Employment Services,* 305 Minn. 568, 234 N.W.2d 822 (1975), the 1977 amendment here in question would effect no change in the law if it only created a rebuttable presumption of unavailability.

We therefore hold that the 1977 amendment creates an irrebuttable presumption that a student is not available for work and is, therefore, not eligible for unemployment compensation unless he meets certain other conditions set forth by the statute.

2. The United States Supreme Court recently upheld the Idaho statute, after which the 1977 amendment to § 268.08, subd. 1(3), is modeled. The Idaho Supreme Court had struck down the statute as violative of equal protection, but the United States Supreme Court reversed, stating:

"The holding below misconstrues the requirements of the Equal Protection Clause in the field of social welfare and economics. This Court has consistently deferred to legislative determinations concerning the desirability of statutory classifications affecting the regulation of economic activity and the distribution of economic benefits. 'If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." ' *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), quoting *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369 (1911). See also *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *Mathews v. De Castro,* 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976); *Jefferson v. Hackney,* 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972). The legislative classification at issue here passes this test. It was surely rational for the Idaho Legislature to conclude that daytime employment is far more plentiful than nighttime work and, consequently, that attending school during daytime hours imposes a greater restriction upon obtaining full-time employment than does attending school at night. In a world of limited resources, a State may legitimately extend unemployment benefits only to those who are willing to maximize their employment potential by not restricting their availability during the day by attending school. Moreover, the classification serves as a predictable and convenient means for distinguishing between those who are likely to be students primarily and part-time workers only secondarily and thus ineligible for unemployment compensation and those who are primarily full-time workers and students only secondarily without the necessity of making costly individual eligibility determinations which would deplete available resources. The fact that the classification is imperfect and that the availability of some students desiring full-time employment may not be substantially impaired by their attendance at daytime classes does not, under the cases cited *supra,* render the statute invalid under the United States Constitution." *Idaho Department of Employment v. Smith,* 434 U.S. 100, 101, 98 S.Ct. 327, 328, 54 L.Ed.2d 324, 327 (1977).

Although the challenge to the Idaho statute was based on the equal protection clause, a challenge based on due process must similarly fail. A classification that satisfies equal protection analysis "is perforce consistent with the due process requirement of the Fifth Amendment." *Weinberger v. Salfi,* 422 U.S. 749, 770, 95 S.Ct. 2457, 2469, 45 L.Ed.2d 522, 541 (1975), quoting from *Richardson v. Belcher,* 404 U.S. 78, 81, 98 S.Ct. 254, 257, 30 L.Ed.2d 231, 235 (1971). The classification effected by the 1977 amendment to § 268.08, subd. 1(3), like the Idaho statute, provides "a predictable and convenient means for distin-

guishing" between those who are genuinely attached to the labor force and those who are not. It therefore is not without reasonable basis and consequently does not offend the due process clause of the United States Constitution.

Claimant urges that, even if permissible under the federal constitution, the 1977 amendment violates the due process clause of the Minnesota Constitution. Although our state constitution may, on occasion, be interpreted as imposing stricter due process requirements than does the federal constitution (see, e. g., *State v. Oman*, 261 Minn. 10, 21, 110 N.W.2d 514, 522 [1961]), neither the language of our constitution nor the special circumstances of this case provoke such a stricter interpretation in the instant matter.

By holding that the irrebuttable presumption created by the 1977 amendment to § 268.08, subd. 1(3), does not offend the due process clause of either the federal or the state constitution, however, we do not intend to suggest a departure from previous decisions of this court, in which irrebuttable presumptions that have resulted in a denial of procedural due process have been declared unconstitutional. See, e. g., *Juster Bros. Inc. v. Christgau*, 214 Minn. 108, 7 N.W.2d 501 (1943). We note that insofar as the presumption of nonavailability for work precludes a student-claimant from proving eligibility for compensation, it amounts to nothing more than a partial reclassification of students, removing them from coverage under the act. This the legislature may do, given a rational basis for its action. See, e. g., *Kantor v. Honeywell, Inc.*, 286 Minn. 29, 175 N.W.2d 188 (1970); *Eldred v. Division of Employment and Security*, 209 Minn. 58, 295 N.W. 412 (1940).

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.