**RESERVE MINING COMPANY, BABBITT DIVISION, Relator,**

v.

**Sharon M. GORECKI, Respondent,**

**Commission of Economic Security, Respondent.**

**No. 81–47.**

Supreme Court of Minnesota.

March 5, 1982.

Hanft, Fride, O'Brien & Harries, Duluth, for relator.

Sharon M. Gorecki, pro se.

Warren Spannaus, Atty. Gen., and Joan Volz, Sp. Asst. Atty. Gen., St. Paul, for Commission of Economic Security.

SIMONETT, Justice.

The employer-relator Reserve Mining Company, Babbitt Division, appeals from the decision of the representative of the Commissioner, Department of Economic Security, filed December 19, 1980, which determined that the employee Sharon Gorecki was qualified for the receipt of unemployment compensation benefits on the basis that she had good cause to refuse offers of reemployment made by the employer on July 30, 1977, and December 8, 1977. We affirm.

Gorecki was employed by Reserve Mining Company as a laborer for the period from November 29, 1976, through June 25, 1977. She was informed prior to June 25, 1977, of a general company layoff for a 5-week period commencing on that date and expiring on July 30, 1977. She and other employees were informed by their employer that they should examine departmental schedules and be prepared to recommence work on July 31, 1977.

Gorecki later testified that, faced with a 5-week layoff and a possible strike by her union, she moved to Minneapolis in an effort to reobtain her employment with the Normandy Motel as a cocktail waitress, indicating that she had financial difficulty which precipitated this move. The job was not available and on June 26, 1977, she filed a valid claim petition with the Department of Economic Security. She continued to reside in Minneapolis and did not report to work on July 30, 1977, the date the employer's general layoff ended. Additionally, her union called a strike effective August 1, 1977, which forced the shutdown of all operations at the Babbitt Division. Gorecki did not participate in the union strike vote, but she did report for picket line duty for one day during the strike which lasted from August 1, 1977, through December 6, 1977.

During the period of the strike, in October 1977, Gorecki enrolled in and attended a CETA Program at the Occupational Skills and Training Center in Minneapolis to obtain bookkeeping skills. She worked part time in the accounts receivable department at the Liebermann Company and later, in March 1978, obtained part-time employment at the Normandy Inn. She was recalled by her employer on December 8, 1977, by letter which required her to report not later than 15 days from the date of the written notice. Gorecki did not respond to the notice and continued to receive unemployment compensation benefits.

On July 7, 1978, the claims deputy determined that Gorecki's refusals of the offers of reemployment were for good cause. The employer sought review from the appeal tribunal, and later by the representative of the commissioner, both of which determined that the employee's relocation approximately 270 miles from the employer's establishment constituted a good cause for her refusal of the offers of reemployment made on July 30, 1977, and December 8, 1977. This appeal followed.

The sole question for review is whether the decision of the representative of the commissioner to the effect that the employee had refused offers of reemployment for good cause is substantially supported by the record.

Minn.Stat. § 268.09, subd. 2 (1980), provides for the disqualification of an individual from the receipt of unemployment com-

pensation benefits if she has failed, without good cause, to accept suitable reemployment offers made by a base period employer. While in *Hendrickson v. Northfield Cleaners*, 295 N.W.2d 384 (Minn.1980), we enumerated factors to be considered in determining the suitability of offers of reemployment, each case must be examined within the context of the unique facts presented to determine whether the refusal was for good cause.

■ The narrow standard of review upon appeals from decisions of the commissioner is that the findings are to be reviewed in a light most favorable to the decision and if there is evidence reasonably tending to sustain them, they will not be disturbed. *Booher v. Transport Clearings of Twin Cities, Inc.*, 260 N.W.2d 181 (Minn.1977).

■ The record before us indicates that this employee, when faced with a substantial layoff beyond her control, moved to the Twin Cities in an attempt to better her financial position by securing alternate employment. When her ability to resume employment was further interrupted by her union strike, she enrolled in a retraining program to improve her marketable skills. Under these unique circumstances, there is substantial evidentiary support for the decision of the representative of the commissioner that her relocation a great distance from the place of her original employment constituted the statutory good cause for her refusal to accept the offers.

■ While the employer argues that her enrollment in a retraining program rendered her "unavailable" for employment as defined in Minn.Stat. § 268.08, subd. 1(3) (1980), and that her participation, however limited, in the strike are disqualifying events, it failed to adequately raise these contentions during the agency proceedings. We are therefore without a record to conclude that it had sustained its burden of proof in either regard.

Affirmed.

KELLEY, J., took no part in the consideration or decision of this case.

PETERSON, Justice (dissenting).

The simple facts of this case are recited in the majority opinion. Claimant employee, employed by relator employer, was laid off for a specified 5-week period. She then removed from Babbitt, her place of permanent employment, to Minneapolis, a distance of 270 miles, where she obtained various temporary jobs and then enrolled in a CETA Program for bookkeeping training. While residing in Minneapolis, the employee returned to Babbitt to participate briefly in an intervening strike at her employer's premises but did not return to her employment when recalled at the termination of the strike. She has been awarded unemployment compensation subsequent to that recall.

The commissioner determined that the employee's relocation some 270 miles distant from the employer's establishment constituted a good cause for her refusal to return to work at Babbitt:

> The record establishes that claimant relocated to the Twin City area when she was in layoff status and the fact that she resided approximately 270 miles distant from the employer's establishment establishes a good cause for refusing the [offer] of reemployment made on * * * December 8, 1977. We must therefore affirm the findings of the appeal tribunal.

The majority, treating the issue as one of fact, would affirm. However, viewing the issue as a question of law, I would reverse.

Minn.Stat. § 268.09, subd. 2 (1980), provides:

> An individual shall be disqualified * * if the commissioner finds that he has failed, without good cause, * * * to accept suitable re-employment offered by a base period employer.

> (a) In determining whether or not any work is suitable for an individual, the commissioner shall consider the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience, his length of unemployment and prospects of securing local work in his customary occupation,

*and the distance of the available work from his residence.*

(b) Notwithstanding any other provisions of sections 268.03 to 268.24, no work shall be deemed suitable, and benefits shall not be denied thereunder to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

(1) if the position offered is vacant due directly to a strike, lockout, or other labor dispute;

(2) if the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality;

    \*    \*    \*    \*    \*    \*

(4) if the individual is in training *with the approval of the commissioner.*

(Emphasis supplied.)

The statute clearly applies to a situation where an employee, laid off at one place, is offered reemployment at a different and distant place, i.e., had claimant employee been employed by the employer at Minneapolis and thereafter been offered employment at Babbitt, it would have been an unreasonable and unsuitable offer of employment within the meaning of the statute. But that is not the case. Here, the employer offered the employee identical work at the identical place where she had previously worked. An employee should not, under the statute, be allowed to use her voluntary move to a new residence—even assuming that what was a temporary change of residence had become permanent—to refuse to accept reemployment under identical conditions.

The majority opinion additionally refers to the fact that the employee was "enrolled in a retraining program to improve her marketable skills." This is a reference to an additional reason stated by the appeals tribunal:

When the [December 8] offer of reemployment was made at the end of the strike in December 1977, the claimant still lived 270 miles from the place of employment and was productively engaged in vocational training that would provide her a job skill that probably would provide her more stable employment in the future.

The commissioner, in his modification of the appeals tribunal finding, did not adopt retraining as a reason for his decision to affirm the tribunal's determination. That modification was with good reason, for it appears, without contradiction from the briefs, that employee was enrolled in the CETA Program without the formal approval of the commissioner, as required under Minn.Stat. § 268.09, subd. 2(b)(4) (1980). She is therefore conclusively presumed to be unavailable for work under Minn.Stat. § 268.08, subd. 1(3) (1980). *See Shreve v. Department of Economic Security,* 283 N.W.2d 506 (Minn.1979). Employee should therefore have been denied unemployment compensation on that basis as well.[1]

AMDAHL, Chief Justice.

I join in the dissent of Justice PETERSON.

OTIS, Justice.

I join in the dissent of Justice PETERSON.

---

1. The majority opinion adverts to *Hendrickson v. Northfield Cleaners,* 295 N.W.2d 384 (Minn. 1980), for the general proposition that a determination of whether an employee refuses an offer of reemployment with good cause must be examined within the unique facts of each case. I do not disagree. The *Hendrickson* decision, in which I joined, is plainly distinguishable, both on its facts and the applicable law.