Jack Robert GERSON, Relator,

v.

COMMISSIONER OF ECONOMIC SECURITY, Respondent.

No. C5–83–1174.

Court of Appeals of Minnesota.

Dec. 7, 1983.

Jack Robert Gerson, pro se.

Hubert H. Humphrey, Atty. Gen., Paul N. Heckt, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Jack Gerson, presently a vo-tech student who possesses a four-year Industrial Arts degree, seeks unemployment benefits. Benefits were denied by a claims deputy because Minn.Stat. Sec. 268.08(1)(3) (1982) denies benefits to full time students. The deputy's decision was affirmed by the Appeals Tribunal but reversed for further findings of fact by the Commissioner's representative. On remand, the Appeals Tribunal again affirmed and the Commissioner's representative likewise affirmed.

In spite of the remand, the record remains incomplete because of the loss of an exhibit and lack of direct testimony in reference to the exhibit and other evidence requested on remand.

■ Minn.Stat. Sec. 268.08(1)(3) provides an individual shall be deemed unavailable for work with respect to any week which occurs in a period when he is a fulltime student. . . .

This is an irrebuttable presumption, *Shreve v. Department of Economic Security*, 283 N.W.2d 506, 508 (Minn.1979), with an exception granted to a student in training "with the approval of the Commissioner." Minn. Stat. Sec. 268.08(1)(3) (1982).

The department has promulgated Minn. Reg. ES–30 (MCAR vol. 53 at 103 (1982)) which generally defines the conditions an employee must meet to secure the approval of the Commissioner to collect benefits while in training. Among the conditions are that an individual's enrollment in a training course shall be approved if the Commissioner finds that

Reasonable and suitable work opportunities for which the individual is fitted by training, experience and physical capabilities *do not exist* in his locality.

*Id.* ES–30(b)(1) (emphasis added).

No specific findings were made that suitable work opportunities did or did not exist for Gerson in his locale. Nor did the findings indicate, based on evidence, that Gerson's employability was affected only be-

cause of "extraordinary economic conditions"; nor did Gerson establish that the condition of unemployability was lasting and permanent.

Effective judicial review requires an adequate formulation of a record and findings. We therefore reverse and remand to the department for further proceedings consistent with this decision. Consideration and explanation should be given to the general standard "do not exist" contained in MCAR (53) ES–30 as applicable, not only to this Relator but to others in the labor market.

Reversed and remanded.