**AMERICAN REMODELING, Relator,**

v.

**DEPARTMENT OF JOBS AND TRAINING, Respondent.**

No. CO–87–1897.

Court of Appeals of Minnesota.

March 8, 1988.

Dennie D. Brown, Controller—AMRE, Inc., Irving, Tex., for relator.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Spec. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Relator American Remodeling, Inc. seeks review of a decision of the Commissioner determining relator is an employer in the construction industry and subject to a contribution rate of 7.5% for the unemployment compensation fund in 1986 and 1987 under Minn.Stat. § 268.06, subd. 3a (1986). We affirm.

## FACTS

Relator, located in Texas, is in the business of selling exterior home remodeling products, primarily replacement siding. Relator employs individuals in Minnesota to sell the products and develop sales leads through direct mailings. Mailings that are returned are followed up with telephone calls from Texas in which the product is described and an appointment is made for an in-home estimate. Sales employees in Minnesota visit homeowners and attempt to have the homeowner contract for the installed product. After a contract is executed, it is returned to Texas for credit approval and assigned to a subcontractor for installation. Relator's sales contract includes installation costs for the product.

Relator appealed a departmental determination that wages paid to the Minnesota salesmen were subject to the benefit contribution cost rate of 7.5% for the construction industry for the years 1986 and 1987. The matter was heard by a referee who determined relator was an employer in the construction industry and subject to the 7.5% contribution rate. That determination was affirmed by a Commissioner's representative, and relator appeals claiming he is not subject to the rates for an employer in the construction industry.

## ISSUE

Did the Commissioner err in determining relator is an employer in the construction industry and therefore subject to the 7.5% contribution rate?

## ANALYSIS

■ In reviewing a factual determination of the Commissioner of Jobs and Training, the findings are to be reviewed in the light most favorable to the decision, and if the evidence reasonably tends to sustain them, they will not be disturbed. *Reserve Mining Co., Babbitt Division v. Gorecki*, 316 N.W.2d 547, 549 (Minn.1982).

■ Minn.Stat. § 268.06, subd. 3a (1986)[1] provides unemployment compensation fund contribution rates for employers

1. Minn.Stat. § 268.06, subd. 3a (1986), has been amended by 1987 Minn. Laws ch. 362, § 10,

subject to the Minnesota Economic Security Law. Relator was first determined to be liable for contribution in 1986, therefore clause (c) applies. This clause provided:

Subd. 3a. Rate for new employers. Notwithstanding the provisions of subdivision 2, each employer, who becomes subject to this law, shall pay contributions at a rate:

\* \* \* \* \* \*

(c) Not exceeding 5⁴⁄₁₀ percent, that is the higher of (1) one percent and (2) the state's five-year benefit cost rate for the 60 consecutive month period immediately preceding July 1, 1984 and each year thereafter for each employer, *except employers in the construction industry, as determined by the commissioner who becomes subject to this law on January 1, 1985 and thereafter.* \* \* \*

Each construction employer described above who becomes subject to this chapter shall pay contributions at a rate, not exceeding 7½ percent, that is the higher of (1) one percent, or (2) the state's five-year benefit cost rate for construction employers for the 60 consecutive month period immediately preceding July 1, 1984 and each year thereafter.

Minn.Stat. § 268.06, subd. 3a(c) (1986) (emphasis added).

In finding that relator was an employer in the construction industry, the Commissioner relied in part on a Standard Industrial Classification Manual issued in 1972 by the Office of Management and Budget. The referee's decision provided:

The classification of employers on an industry basis is made by the Department in compliance with the Standard Industrial Classification Manual–Office of Management and Budget–1972. Siding

effective January 1, 1988. A number of changes were made in the 1987 amendments. The words "as determined by the commissioner" were deleted after "employers in the construction industry." It also appears an effort was made to clarify which employers should be classified as in the "construction industry" by the addition of the following paragraph:

contractors are classified as being in the construction industry as group number 176, industry number 1761. The referee concludes that the employer was properly classified as a new construction employer and was properly assigned the tax rate of 7.50 percent for the years 1986 and 1987.

The record establishes that relator and its sales employees contract with individual homeowners for residential replacement siding *and* installation of that siding. Both the salesmen and subcontractors are paid by relator and relator is ultimately responsible to the homeowner for installation of the product. Siding contractors who are primarily engaged in installation of roofing and siding are classified as being in the construction industry in the Standard Industrial Classification Manual. The 1987 Standard Industrial Classification Manual, Division C, Construction, explains:

The installation of prefabricated building equipment and materials by general and special trade contractors is classified in this division. Similar installation work performed as a service incidental to sale by employees of an establishment manufacturing or selling prefabricated equipment and materials is classified according to the primary activity in the Manufacturing or Trade Divisions.

Establishments primarily engaged in the distribution and construction or installation of equipment often present classification problems. Since value added is not available for distinguishing the relative importance of sales versus installation or construction activities, payroll or employment may be used as measures yielding approximately the same results.

On this basis, separate establishments primarily engaged in the sale and instal-

For purposes of this subdivision an employer is in the construction industry if assigned an industrial classification within division C of the Standard Industrial Classification Manual issued by the United States Office of Management and Budget as determined by the tax branch of the department.

lation of the following illustrative types of structures or integral parts of structures, general site assembled, are classified in construction rather than in trade:

    a.  Steel work on bridges or buildings;

    b.  Elevators and escalators;

    c.  Sprinkler systems;

    d.  Central air-conditioning and heating equipment;

    e.  Communications equipment; and

    f.  Insulation materials.

Based on the facts presented, the Commissioner reasonably concluded that relator, primarily engaged in the sale and installation of siding, is an employer in the construction industry and subject to the contribution rate set forth in Minn.Stat. § 268.06, subd. 3a(c) (1986). As the Commissioner's representative stated:

> The mere fact that they subcontract out the actual labor is not significant. Many "general contractors" do not perform actual labor; such does not mean that the general contractor is not in the construction industry.

### DECISION

We affirm the Commissioner's decision that relator is an employer in the construction industry and subject to that contribution rate.

Affirmed.