**Richard A. PINOTTI, Relator,**

v.

**COMMISSIONER OF JOBS AND TRAINING, Respondent.**

**No. C5-89-944.**

Court of Appeals of Minnesota.

Dec. 12, 1989.

Charles M. Cochrane, Mansur, O'Leary & Gabriel, P.A., St. Paul, for relator.

Hubert H. Humphrey, III, Atty. Gen., James P. Barone, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PARKER, P.J., and CRIPPEN and SHORT, JJ., without oral argument.

OPINION

SHORT, Judge.

On appeal from a decision by the Commissioner regarding overpaid benefits, relator Richard Pinotti argues that the Department of Jobs and Training (Department) should be barred from seeking additional overpaid benefits from him because it failed to intervene for its full interest in relator's workers' compensation case. We disagree and affirm.

## FACTS

It is undisputed that relator received both unemployment compensation benefits and workers' compensation benefits for loss of wages as a result of a work-related injury during the period September 1984 to April 6, 1985. On May 8, 1985, the Department sent relator two notices of overpaid benefits covering (a) September 1, 1984 to February 2, 1985 and (b) March 2, 1985 to April 6, 1985. The notices did not mention or cover overpayments due for the period of February 2, 1985 to March 2, 1985. Relator failed to appeal these overpayment determinations, and the Department thereafter sent him monthly notices of the overbalance due. See Minn.Stat. §§ 268.10, subd. 2(2), (3) (1988); 268.18, subd. 1 (1988).

The Department subsequently intervened in relator's workers' compensation action, seeking reimbursement for overpaid benefits for the February to March, 1985, gap period. The parties entered into a stipulation for settlement of the workers' compensation case and the Department's intervention interest. That stipulation specifically provided that the Department would accept $200 "in full and complete satisfaction of its intervention interest herein." The Department continued to send monthly notices to relator seeking repayment of the prior overpayment determinations.

Relator requested a hearing, claiming that the workers' compensation stipulation settled all overpayment claims, including the prior overpayment determinations. Following a hearing, a referee concluded that the Department was still entitled to the prior overpayment determinations. The Commissioner adopted the referee's decision.

## ISSUE

Was the Department required to assert all prior overpayment claims against relator in his workers' compensation action?

## ANALYSIS

An individual shall not be eligible to receive unemployment compensation benefits for any week in which he or she has received compensation for loss of wages under the workers' compensation laws. Minn.Stat. § 268.08, subd. 3(3) (1988). If an individual has received unemployment benefits to which the individual was not entitled, he or she shall promptly return such benefits or the Department shall issue an overpayment notice requiring repayment of those overpaid benefits. See Minn. Stat. §§ 268.10, subd. 2(2); 268.18, subd. 1.

Relator argues that the Department is barred from collecting any overpayments not resolved in his workers' compensation case. We disagree. Workers' compensation statutes provide:

> A person who has an interest in any matter before the workers' compensation court of appeals, or commissioner, or compensation judge such that the person may either gain or lose by an order or decision *may intervene* in the proceeding by filing an application in writing stating the facts which show the interest.

Minn.Stat. § 176.361, subd. 1 (1988) (emphasis added). The language in the statute makes it clear that the Department has the option, not the obligation, to intervene in relator's workers' compensation action. See Minn.Stat. § 645.44, subd. 15 (1988). The extent of the Department's intervention interest was defined as covering only the February to March period. Relator appears to argue that once the Department intervened in his workers' compensation action it had an obligation to resolve all of its claims for overpaid benefits. The statute, however, does not require the Department to include in its intervention interest each and every claim it may have against an employee.

In addition to being without statutory or case support, relator's argument fails because it lacks a basis in fact. The Department's May 8 notices and the settlement papers each specified separate and precise periods for the overpaid benefits. The documents clearly reflect the period of windfall benefits being discussed. Under these circumstances, the Commissioner's finding that relator should have known that all overpayments were not settled in the workers' compensation action is supported by

**901**

the record. *See Reserve Mining Co. v. Gorecki*, 316 N.W.2d 547, 549 (Minn.1982).

## DECISION

The Department was not required to intervene in relator's workers' compensation case on the issue of the prior overpayment notices.

Affirmed.