[Civ. No. 41050. First Dist., Div. One. Apr. 20, 1978.]

CITY OF LOS ALTOS, Plaintiff and Respondent, v.
BOARD OF ADMINISTRATION, PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Appellant.

**1050**

**COUNSEL**

Evelle J. Younger, Attorney General, and Richard L. Mayers, Deputy Attorney General, for Defendant and Appellant.

Anthony A. Lagorio for Plaintiff and Respondent.

**OPINION**

**LOW, J.\***—The Board of Administration for the Public Employees' Retirement System (hereafter PERS) appeals from a ruling that the City of Los Altos need not pay retirement contributions for 19 persons hired as "temporary seasonal employees." "Full-time employees" must be members of PERS.

■ A single question is presented. In the absence of a statutory definition, whose definition of "full-time employment" is to be used in determining compulsory membership in PERS? We conclude that the board of administration's definition is reasonable and is necessary for a uniform statewide standard. The City of Los Altos must pay the retirement contributions.

Despite the abundance of definitions of other terms, the Government Code does not define the basic term "full-time" employee. It does delegate considerable administrative power to the board of administration, and, according to Government Code section 20103, management and control of the PERS system is vested in the board. Government Code section 20124 states that "The board shall determine who are employees and is the sole judge of the conditions under which persons may be admitted to and continue to receive benefits under this system."

The temporary seasonal employees involved in this case did not meet the city's criteria for "full-time" status but did qualify under the PERS definition as set forth in its Manual for Procedures section 23.1(a). The trial court determined that the city's standards defining "full-time" employment were controlling. Since the city had classified the employees as part-time, they were thus excluded from membership in the PERS under Government Code section 20334.

We believe that the PERS Board of Administration, and not the contracting public agency, is to establish the standards for defining full-time and part-time employment. There is a strong policy favoring statewide uniformity of interpretation as between the PERS and all of its contracting agencies. We do not suggest, however, that local public agencies cannot establish their own employment guidelines for purely local matters—those which do not affect state agencies or require

---

*Assigned by the Chairperson of the Judicial Council.

statewide uniformity of application. This might include matters such as hiring and firing procedures or health and vacation benefits.

For more than 30 years, the PERS has consistently maintained that employment is not part-time merely because it is seasonal or temporary. The interpretation of a statute by an administrative agency charged with its enforcement and construction is entitled to great weight unless it is clearly erroneous or unauthorized. (*Crumpler* v. *Board of Administration* (1973) 32 Cal.App.3d 567 [108 Cal.Rptr. 293].) PERS has contracts with several hundred public agencies and cannot be expected to accept different interpretations for different agencies. Uniformity of interpretation between PERS and all of its contracting agencies can be achieved by allowing the board of administration to establish the standards defining full-time and part-time status.

State statutes dealing with PERS matters preempt municipal provisions. (*Marsille* v. *City of Santa Ana* (1976) 64 Cal.App.3d 764 [134 Cal.Rptr. 743].) To the extent that the city's municipal regulations prohibit appointment of a person to full-time employment until satisfactory completion of one year's service, they conflict with the board's statutory power to determine who are employees for purposes of the retirement system. The City of Los Altos contends that *Marsille* held only that the state retirement law governs a charter city. Los Altos is a general law city and is arguably unaffected by the decision in *Marsille*. This distinction is not controlling. The City of Santa Ana had argued that its municipal code was determinative solely because it was a charter city. Yet it was still held subject to preemption by the state retirement laws. A general law city, lacking even the plenary powers of a charter city, cannot then argue that its municipal code should prevail over state statutes or administrative regulations. Accordingly, the City of Los Altos may not claim that its local regulations defining "full-time" employment control. The principle stated in *Marsille* is equally applicable here. The state statutes dealing with PERS and the board of administration's interpretation and enforcement of those statutes preempt any municipal provisions.

Finally it should be noted that this controversy involves only those persons employed before 1975. The Legislature has otherwise resolved the matter by specifically excluding full-time employees in temporary or seasonal work from membership in the PERS. (Gov. Code, § 20336.) The statute expressly states that "This section . . . shall apply only to persons entering employment on and after its effective date" of January 1, 1975.

Judgment is reversed and the case is remanded to the trial court for entry of judgment consistent with the decision herein.

Racanelli, P. J., and Elkington, J., concurred.