**Esther E. ZOET, et al., Respondents,**

**Minnesota Department of Employment Services, Respondent,**

v.

**BENSON HOTEL CORP., d/b/a The Hotel Leamington, Relator.**

**No. 48378.**

Supreme Court of Minnesota.

Dec. 22, 1978.

Foster, Jensen & Short, Minneapolis, for relator.

Esther Zoet, pro se.

Libby Ridler, pro se.

Rosella Peters, pro se.

Marcella Peterson, pro se.

Lorraine Shannon, pro se.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen. Peter C. Andrews, Asst. Atty. Gen., William G. Brown, Sp. Asst. Atty. Gen., St. Paul, for respondent Dept. of Employment Services.

Heard before PETERSON, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

PER CURIAM.

Writ of certiorari to review a decision of the commissioner of economic security charging the employer-relator's experience rating account for unemployment compensation benefits paid to five employees. We reverse.

The five employees involved in this case are employed as banquet waitresses at The Leamington Hotel (the Hotel). They are all

members of a labor union and have been employed, under a union contract, by the Hotel for several years. The contract requires that waitresses be granted priority in work assignment according to seniority.

In 1976, these employees filed unemployment compensation claims for periods in which they were not scheduled for work due to insufficient numbers of banquets to employ all banquet waitresses. They received scheduled assignments as soon as the Hotel had sufficient work, but continued to collect unemployment compensation benefits for weeks they did not work or weeks in which a claimant received less than her weekly benefit amount. On May 18 and 20, 1977, a claims deputy for the Minnesota Department of Employment Services (the Department) found that employees Zoet, Peters, Peterson, and Ridler had been involuntarily separated from their employment; that they were entitled to unemployment compensation benefits; and that the Hotel's experience rating account was to be charged for any benefits drawn by these employees. On May 27, 1977, another claims deputy found that employee Shannon had not been involuntarily separated from employment; that she was entitled to unemployment compensation benefits; and that the Hotel's experience rating account was not to be charged. A Department appeal tribunal held that the Hotel's experience rating account should not be charged for benefits drawn by any of these employees. The commissioner reviewed the cases on his own motion and overruled the decision of the appeals tribunal. He determined that the employees were involuntarily separated from work and held that the Hotel's experience rating account would be charged for these benefits.

The sole issue is whether the commissioner correctly charged the Hotel's experience rating account for the unemployment compensation benefits paid these employees.[1] Under the Employment Security Act, Minn.St. c. 268, an employer's experience rating account will be charged unless the employees are part-time employees who continue to receive substantially equal part-time employment from their base period employer. Minn.St. 268.06, subd. 5.[2]

The commissioner held that the Hotel's experience rating account should be charged because the employees were separated from their employment and, thus, were not receiving substantially equal part-time employment from their base period employer. This holding, in our view, ignores the reality of this particular employment relationship, for even after filing for unemployment compensation benefits, these employees continued to work at the Hotel on the same basis as before. There is no showing that any of them worked fewer meals after filing for unemployment compensation benefits. Because the employment status of these employees has not altered, they are not really separated from their employment with the Hotel. See, *Ykovchick v. Public Schools of Minneapolis, Minn.*, 251 N.W.2d 626 (1977); *Smith v. Unemployment Ins. App. Bd.*, 52 Cal.App.3d 405, 125 Cal.Rptr. 35 (1975).

It is undisputed that these employees are receiving employment which is substantially equal to their previous employment. The term "substantially" obviously does not mean "absolutely identical"; it means "about" or "essentially." See, e. g., *American Federation of Government Emp. v. Rosen*, 418 F.Supp. 205, 209 (N.D.Ill.1976); *Janzen v. Phillips*, 73 Wash.2d 174, 178, 437 P.2d 189, 191 (1968). In the first 6 months of 1977, each of these employees earned approximately 50 percent of her gross wages for the previous year. There is no

---

1. The eligibility of these employees for unemployment compensation benefits is not contested by the Hotel.

2. Minn.St. 268.06, subd. 5, provides: "Benefits paid to an individual pursuant to a valid claim filed subsequent to June 30, 1941, shall be charged against the account of his employer as and when paid, except that benefits paid to an individual who during his base period earned wages for part time employment with an employer who continues to give the employee part time employment substantially equal to the part time employment previously furnished such employee by such employer shall not be charged to such employer's account."

indication that they worked less hours or fewer meals after filing for unemployment compensation benefits. This satisfies the requirement of Minn.St. 268.06, subd. 5, that the employees continue to receive "substantially equal" part-time employment.

These waitresses are part-time employees within the meaning of § 268.06, subd. 5, even though they do not work a specified number of hours per week. Part-time employment is usually defined as less than the usual number of hours per day for a particular job. See, e. g., *Campbell v. Graham-Armstrong,* 9 Cal.3d 482, 486, 107 Cal.Rptr. 777, 780, 509 P.2d 689, 693 (1973); *Cote v. Bachelder-Worchester Co.,* 85 N.H. 444, 447, 160 A. 101, 102 (1932). However, sporadic or intermittent employment has also been defined as part time. See, *Olson v. Trinity Lodge No. 282, A. F. & A. M.,* 217 Minn. 162, 165, 14 N.W.2d 103, 104 (1944); see, also, *Vliet v. Board of Trustees of Pub. Emp. Ret. S.,* 156 N.J.Super. 83, 383 A.2d 463 (1978); *Sherrod v. Lawrenceburg School City,* 213 Ind. 392, 12 N.E.2d 944 (1938). Several courts have described sporadic, intermittent employment as part time. See, e. g., *City of Los Altos v. Board of Admin. P. E. R. S.,* 80 Cal.App.3d 1049, 144 Cal.Rptr. 351 (1978); *State v. Moore,* 158 N.J.Super. 68, 385 A.2d 867 (1978); *Pfeffer v. Parkside Caterers, Inc.,* 42 N.Y.2d 59, 396 N.Y.S.2d 641, 364 N.E.2d 1334 (1977); *Winrock Farms v. Eldred,* 446 P.2d 265 (Okl.1968); *Gaw v. Raymer,* 553 S.W.2d 576 (Tenn.1977).

It is not contrary to the purposes of the Employment Security Act to classify these banquet waitresses as part-time employees for the purposes of § 268.06, subd. 5. The act is designed to encourage stable employment by raising an employer's contribution rate through charging its experience rating account.

The sole question is whether this employer's account should be charged for the benefits paid these employees when the unemployment is not attributable to the employer. Fault is a basic element to consider in interpreting the Act. In this case the five employees work less hours than they want because of the seniority requirements of the union contract under which they work. As they gain seniority, they may work more hours. There is no showing that the Hotel had fewer banquets in 1977 than in previous years. This unemployment is attributable to this employer only to the extent that it does not have sufficient business to schedule these employees for as many meals as they wish. Because the Hotel is not the cause of this unemployment, it is inappropriate to charge its experience rating account and thus raise its contribution rate.

Reversed.

SHERAN, C. J., took no part in the consideration or decision of this case.