**NEW LONDON NURSING HOME, INC., Relator,**

v.

**Leann V. LINDEMAN, Department of Economic Security, Respondents.**

No. C2-85-1895.

Court of Appeals of Minnesota.

March 4, 1986.

John E. Mack, New London, for relator,

Leann V. Lindeman, pro se.

Hubert H. Humphrey, III, Atty. Gen., James Patrick Barone, Asst. Atty. Gen., St. Paul, for Dept. of Economic Sec.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

New London Nursing Home, Inc., challenges the constitutionality of a statute requiring its experience rating account to be charged in part for unemployment compensation benefits paid to respondent Leann V. Lindeman. The Commissioner of Economic Security upheld the statute but declined to consider the constitutional challenge due to lack of jurisdiction. We find the statute unconstitutional as applied and therefore reverse the Commissioner's decision.

## FACTS

Leann Lindeman is employed part-time as a nurse's aide at the Glen Oaks Nursing Home. She works two eight-hour shifts one weekend per month. When Lindeman began working for Glen Oaks, she was already working full-time for the Willmar Area Vocational Technical Institute (WAVTI). In May 1985 she was laid off by WAVTI because of budgetary considerations, and she filed a claim for unemployment compensation benefits. Glen Oaks' experience rating account was charged for a portion of Lindeman's benefits, even though she continues to work there as before and, in fact, received a raise in July 1985.

Glen Oaks appeals, challenging the constitutionality of the statute under which the Commissioner's representative determined that Glen Oaks' account should be charged in part for Lindeman's benefits.

## ISSUE

Does the application of Minn.Stat. § 268.06, subd. 5 (1984), requiring Glen Oaks' experience rating account to be charged for a portion of Lindeman's unemployment compensation benefits, violate the equal protection clause of the United States Constitution?

## DISCUSSION

Glen Oaks' experience rating account was charged for Lindeman's benefits pursuant to Minn.Stat. § 268.06, subd. 5 (1984), which provides:

Benefits paid to an individual pursuant to a valid claim shall be charged against the account of his employer as and when paid, except that benefits paid to an individual who earned base period wages for part-time employment shall not be charged to * * * the experience rating account of an employer if the employer *(1) provided weekly base period part-time employment;* (2) continues to provide *weekly* employment equal to at least 90 percent of the part-time employment provided in the base period; and (3) is an interested party because of the individual's loss of other employment. The amount of benefits so chargeable against each base period employer's account shall bear the same ratio to the total benefits paid to an individual as the base period wage credits of the individual earned from such employer bear to the total amount of base period wage credits of the individual earned from all his base period employers.

(Emphasis supplied). If Glen Oaks had provided weekly, part-time employment to Lindeman, instead of scheduling her for one weekend per month, the above statute would exempt Glen Oaks from the payment of a portion of Lindeman's unemployment compensation benefits. Glen Oaks claims that this statute impermissibly discriminates between employers who employ part-time workers on a weekly basis and those who employ part-time workers regularly, but not weekly.

Before 1979 the above statute did not require part-time employment to be weekly. Minn.Stat. § 268.06, subd. 5 (1978), stated:

Benefits paid to an individual pursuant to a valid claim * * * shall be charged against the account of his employer as

and when paid, except that benefits paid to an individual who during his base period earned wages for part-time employment with an employer who continues to give the employee part-time employment substantially equal to the part-time employment previously furnished such employee by such employer shall not be charged to such employer's account.

In *Zoet v. Benson Hotel Corp.*, 274 N.W.2d 120 (Minn.1978), the Minnesota Supreme Court held that a hotel's account could not be charged for benefits paid to part-time waitresses who were sporadically and intermittently employed by the hotel both before and after they applied for unemployment compensation.

Following *Zoet*, the Minnesota Legislature amended Minn.Stat. § 268.06, subd. 5, and inserted the present language requiring part-time employment to be weekly if an employer's experience rating account is not to be charged. This language was challenged in *Public Health Nursing Service v. Freeman*, 340 N.W.2d 344 (Minn. 1983), where an individual was employed part-time by one employer and full-time by another. When laid off by the full-time employer, the employee continued to work sporadic and intermittent hours for the part-time employer. He applied for unemployment compensation, and the part-time employer's account was charged for a portion of his benefits. The *Freeman* court affirmed the Commissioner's decision, reasoning:

> It must be presumed that the legislature intended to change the court's holding in *Zoet* when it inserted the word "weekly" and revised the formula for charging benefits to an employer's account. * * * We interpret the statute to require that employer, who does not want its account to be charged for sporadic, intermittent part-time employment, must have provided the employee with part-time employment each and every week during the base period and continue to provide at least 90% of such employment during the current benefit period.
>
> Although the change in section 268.06, subd. 5, may appear inequitable and may

frustrate opportunities for sporadic, intermittent part-time employment, it is not our role to question the wisdom of the legislature. Because, in the instant case, relator did not provide respondent with weekly part-time employment, we are bound to affirm.

*Id.* at 345.

Although the present case is similar to *Freeman*, there are two very important differences. First, in *Freeman* Minn.Stat. § 268.06, subd. 5, was not subjected to a constitutional challenge; and second, Lindeman's employment was not sporadic and intermittent as was the case in *Freeman*.

■ The legislature is vested with broad powers to devise ways to alleviate adverse and unequal social and economic problems. *Eldred v. Division of Employment and Security, Department of Social Security*, 209 Minn. 58, 295 N.W. 412 (1940). "Just what is to be done in any given circumstance evidently must lie within legislative discretion, limited and subject only to constitutional prohibition." *Id.* at 61, 295 N.W. at 414.

> In establishing a system of unemployment benefits the legislature is not bound to occupy the whole field. It may strike at the evil where it is most felt * * * or where it is most practicable to deal with it * * *. It may exclude others whose need is less * * * or whose effective aide is attended by inconvenience which is greater * * *.

*Id.* at 63, 295 N.W. at 415 (quoting *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 519, 57 S.Ct. 868, 877, 81 L.Ed. 1245 (1937)).

> The legislature * * * has the right of selection and the power to classify by imposing burdens of varying degrees on different classes of property, even to the extent of eliminating entirely the burden of taxation resting upon certain property, subject to the restriction that persons and property within the same class be treated equally and that the classifications made rest upon some ground of

difference having a fair relationship to the object of the legislation.

*General Mills, Inc. v. Division of Employment and Security for Minnesota,* 224 Minn. 306, 310, 28 N.W.2d 847, 849 (1947). Although a classification may be imperfect, such imperfection does not, by itself, render the statute invalid under the equal protection clause of the United States Constitution. *Shreve v. Department of Economic Security,* 283 N.W.2d 506, 508 (Minn. 1979). A legislative classification which might result in inequalities or inequities is not unconstitutional if persons within that classification are similarly treated and the distinctions between the classes "bear a reasonable relationship to the objects of the legislation." *General Mills,* 224 Minn. at 312, 28 N.W.2d at 850.

The legislature has determined that the problem of unemployment will be reduced by providing more "stable" employment. Minn.Stat. § 268.03 (1984). By amending Minn.Stat. § 268.06, subd. 5, the legislature has indicated a belief that more "stable" employment is provided by employers who hire on a weekly basis, rather than on a sporadic and intermittent basis. *Freeman,* 340 N.W.2d at 345. Where, as in *Freeman,* employment is truly sporadic and intermittent, the legislative classification, although perhaps not always perfect, does have a reasonable relationship to the object of providing more stable employment.

Here, however, although Lindeman is not employed on a weekly basis, she is not sporadically and intermittently employed. Rather, the record discloses that her hours are regular and stable. Each month she regularly works one weekend, and on that weekend she generally works the same two eight-hour shifts. She has been employed on this basis since 1977, and in July 1985 she received a raise in pay.

Lindeman's employment is therefore no less "stable" than that provided to an employee on a weekly basis. As applied, then, the statutory classification fails because it treats dissimilarly those employers who provide stable, part-time employment on a weekly basis and those who provide stable, part-time employment that is not weekly.

Despite the broad discretion vested in the legislature, differences imposed by a statute must not result in allowing one to escape a burden which has been imposed on another under substantially similar circumstances and conditions. *State v. Donovan,* 208 Minn. 606, 609, 16 N.W.2d 897, 898 (1944).

[T]he classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.

*General Mills,* 224 Minn. at 310, 28 N.W.2d at 849 (quoting *Louisville Gas and Electric Co. v. Coleman,* 277 U.S. 32, 37, 48 S.Ct. 423, 425, 72 L.Ed. 770 (1928)). To charge (or, in effect to specially assess) Glen Oaks' account for a portion of Lindeman's unemployment compensation benefits as a result of another employer's actions and due to no fault of Glen Oaks, while not imposing that same burden under similar circumstances on an employer who provides weekly, part-time employment, violates the constitutional mandate requiring that those who are similarly situated be treated alike.

## DECISION

Minn.Stat. § 268.06, subd. 5 (1984), as applied, violates relator's right to equal protection under the United States Constitution.

Reversed.