Janice M. LYONS, Relator,

v.

HEALTH AND HUMAN SERVICES
DEPARTMENT, Commissioner of
Jobs and Training, Respondents.

No. C7–87–1332.

Court of Appeals of Minnesota.

Oct. 6, 1987.

David Teneyck, Cass Lake, for relator.

Health and Human Services Department, Aberdeen Area Indian Health Services, Aberdeen, S.D., pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.,* with oral argument waived.

### OPINION

MULALLY, Judge.

Relator Janice Lyons seeks review of a determination by the Department of Jobs and Training that the "serious illness exception" to misconduct under the unemployment laws is not also applicable to a gross misconduct disqualification. We affirm.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

The relevant facts of this matter are undisputed. Relator Janice Lyons was employed as a nurse at one of the respondent's hospitals from May 1986 to December 22, 1986. As a registered nurse, Lyons had access to the hospital's pharmacy.

Lyons had become addicted to certain drugs, and from August through December 19, 1986, she stole Fiorinal, Valium and Tylenol III (containing codeine) from the hospital pharmacy for use by herself and her husband. The estimated value of these drugs was between $250 and $500.

On December 19, the hospital questioned Lyons about the drugs, and she admitted her actions. The hospital placed her on an unpaid leave of absence, and on December 26, she was offered the opportunity to resign or be discharged.

Lyons applied for unemployment compensation benefits, and her claim was initially allowed on the basis that her serious illness of chemical dependency constituted an exception to the statutory disqualification for misconduct.

The Department of Health and Human Services appealed, and a referee from the Department of Jobs and Training reversed, concluding that Lyons' actions constituted gross misconduct, and that the "serious illness exception" to misconduct was not also applicable to gross misconduct. Lyons appealed, and a Commissioner's representative affirmed.

## ISSUE

Is the "serious illness exception" to misconduct also applicable to gross misconduct?

## ANALYSIS

Minn.Stat. § 268.09, subd. 1 (1986) provides that an individual is disqualified from receiving unemployment compensation benefits for a limited period of time if the individual voluntarily quit or engaged in "misconduct, not amounting to gross misconduct." The statute provides an exception to these disqualifications if the individual was separated from employment due to chemical dependency, and certain other conditions have been met.

Subsection (3) of the same statute provides a separate, total disqualification for gross misconduct for the individual's entire benefit year. "Gross misconduct" is defined as follows:

> For the purpose of this clause "gross misconduct" is defined as misconduct involving assault and battery or the malicious destruction of property or arson or sabotage or embezzlement or any other act, including theft, the commission of which amounts to a felony or gross misdemeanor. * * *

Minn.Stat. § 268.09, subd. 1(3).

Lyons does not dispute the Commissioner's determination that her actions constituted a felony and thus gross misconduct. Her only claim on appeal is that she has a serious illness of chemical dependency which should except her actions from the statutory gross misconduct disqualification.

The legislature has specifically indicated its intent that a voluntary quit or a separation for misconduct, "not amounting to gross misconduct" which occurs as a result of a "serious illness" (including chemical dependency) under specified conditions, is to be excepted from the normal statutory disqualification for unemployment compensation benefits. Minn.Stat. § 268.09, subd. 1(2)(b). The legislature has not included gross misconduct within the "serious illness exception" to disqualification.

In questions involving statutory construction, the function of this court is to ascertain and effectuate the intent of the legislature. *Stearns-Hotzfield v. Farmers Insurance Exchange,* 360 N.W.2d 384, 387 (Minn.Ct.App.1985). The rules of construction provided that if a statute specifies one or more exceptions to a rule, other exceptions are excluded:

> [T]he express enumeration of one or more instances of many belonging to the same class impliedly excludes the other. The Latin expression is *"expressio unius est exclusio alterius."* Under this maxim if a statute specifies one exception to

a general rule or assumes to specify the effect of a certain provision, other exceptions or effects are excluded.

*Anderson v. Twin City Rapid Transit Co.,* 250 Minn. 167, 175, 84 N.W.2d 593, 599 (1957). Application of this maxim here requires the conclusion that the legislature did not intend to apply the serious illness exception to gross misconduct.

Nevertheless, Lyons argues that the unemployment compensation statutes are humanitarian in nature, and must be liberally construed in favor of allowing benefits. *Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294, 296 (Minn.Ct.App.1983). The legislature's response to this argument is found in Minn.Stat. § 645.16 (1986):

> When the words of a law in their application to an existing situation are clear and free from ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

■ A legislative classification is valid if the distinctions between the classes "bear a reasonable relationship to the objects of the legislation". *New London Nursing Home, Inc. v. Lindeman,* 382 N.W.2d 868, 871 (Minn.Ct.App.1986) (quoting *General Mills, Inc. v. Division of Employment and Security,* 224 Minn. 306, 312, 28 N.W.2d 847, 850 (1947). Here the classification which characterizes different behaviors as misconduct and gross misconduct is not arbitrary, as Lyons claims. Rather, the legislature has reasonably determined that persons who engage in criminal acts should be treated differently than those who merely act in derogation of their employer's interests, even when those acts are committed by a person who is chemically dependent.

### DECISION

■ The Commissioner properly refused to award Lyons unemployment compensation benefits.

Affirmed.