**In re the Award of Damages to Dennis RAPP for Condemnation of Land on County Road 61.**

**No. C4–00–1124.**

Court of Appeals of Minnesota.

Jan. 16, 2001.

Christopher Daniel Karpan, Douglas County Courthouse, Alexandria, MN, (for appellant Douglas County).

Michael J. Dolan, Alexandria, MN, (for respondent).

Considered and decided by TOUSSAINT, Chief Judge, CRIPPEN, Judge and PETERSON, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Douglas County is appealing from an entry of summary judgment, holding Minn. Stat. §§ 163.11–.12 (1998) unconstitutional, and ordering the county to recondemn land owned by respondent Dennis Rapp under Minn.Stat. ch. 117 (1998). Because (1) the United States Constitution guarantees to property owners a right to judicial review of the public purpose of a taking; (2) the Minnesota Constitution guarantees to property owners a right to judicial review of both the public purpose and necessity of a taking prior to the actual taking; and (3) Minn.Stat. § 163.12, subds. 7, 10 (1998) do not provide for such review, we affirm in part and reverse in part.

## FACTS

Appellant Douglas County (the county) passed a resolution on May 25, 1999 authorizing condemnation of four parcels of land for reconstruction and improvement of County Road 61. Respondent Dennis Rapp owned two and one-half acres of the land subject to condemnation.

Following the enactment of the resolution, the county proceeded with condemnation of the land under Minn.Stat. §§ 163.11–.12 (1998), and awarded Rapp $6,000 in damages. Thereafter, the county constructed the county road over Rapp's property.

Rapp filed suit in district court challenging the condemnation. The district court ruled that the condemnation' procedures established in sections 163.11 and 163.12 were not preempted by those in Minn.Stat. ch. 117 (1998). However, the district court ruled that sections 163.11 and 163.12 effected an unconstitutional taking. As a result, the district court held that the county's actions pursuant to these sections were void. The county appeals.

## ISSUES

Is the issue in this case moot because the property has been condemned and the highway constructed?

Are Minn.Stat. §§ 163.11–.12 (1998) unconstitutional because they prevent judicial review of the public purpose and necessity of a condemnation occurring under Minn.Stat. ch. 163 (1998) prior to the actual taking?

## ANALYSIS

■■■■ "On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact; and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). Where, as here, the material facts are not in dispute, we need not defer to the district court's application of the law to the undisputed facts. *Lefto v. Hoggsbreath Enters., Inc.* 581 N.W.2d 855, 856 (Minn. 1998) (citing *Wallin v. Letourneau,* 534 N.W.2d 712, 715 (Minn.1995)).

### I.

■■■■ Neither party has briefed the issue of mootness to this court, but this court must address the issue as a prerequisite to exercising jurisdiction. *See In re Minnegasco,* 565 N.W.2d 706, 710 (Minn. 1997) (when an event occurs that makes decision unnecessary, the case should be dismissed as moot); *In re Schmidt,* 443 N.W.2d 824, 826 (Minn.1989) (same). An issue is not moot if a party could be afforded relief should the issues be resolved in that party's favor. *Schmidt,* 443 N.W.2d at 826. Although Rapp's land has been condemned and a highway constructed across it, Rapp still has relief in the form of the return of his property. *See Blue Earth County v. Stauffenberg,* 264 N.W.2d 647, 650 (Minn.1978) (if a court fails to find adequate public purpose and necessity to support a condemnation, the governmental body which took the disputed property could be compelled to return it to the previous owner). Therefore, the issue before this court is not moot.

### II.

■■■■ The issue before this court is whether Minn.Stat. §§ 163.11–.12 (1998) are unconstitutional because they provide for the condemnation of land without providing for a pre-taking judicial review of the public purpose and necessity of a condemnation occurring under Minn.Stat. ch. 163 (1998). "Minnesota statutes are presumed constitutional, and our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989) (citation omitted). "In evaluating challenges to the constitutionality of statutes, this court recognizes that the interpretation of statutes is a question of law." *In re Blilie,* 494 N.W.2d 877, 881 (Minn. 1993) (citation omitted); *see also Estate of Jones by Blume v. Kvamme,* 529 N.W.2d 335, 337 (Minn.1995). Accordingly, this court "is not bound by the lower court's conclusions." *Blilie,* 494 N.W.2d at 881 (quoting *Sherek v. Independent Sch. Dist. No. 699,* 449 N.W.2d 434, 436 (Minn.1990)).

An analysis of whether the condemnation proceedings established in chapter 163 are constitutional starts with a review of the mandates imposed by the federal and state constitutions. The Takings Clause of the Fifth Amendment to the United States Constitution provides that "nor shall private property be taken for public use, without just compensation." The Taking Clause of the Fifth Amendment to the United States Constitution has been applied to the states through the Fourteenth Amendment. *Chicago, B. & Q.R. Co. v. City of Chicago,* 166 U.S. 226, 236, 17 S.Ct. 581, 584, 41 L.Ed. 979 (1897). Similarly, Minnesota Constitution, art. I § 13, provides that, "[p]rivate property shall not be taken, destroyed or damaged for public use without just compensation."

While the provisions of the state and federal constitutions are similar, a review of state and federal case law makes it clear that the Minnesota Constitution guarantees significantly broader rights than those

secured by the Fifth Amendment to the United States Constitution. The United States Supreme Court, applying the Fifth Amendment to the United States Constitution, has determined that a property owner has a right to judicial review of a condemnation to ensure that the taking is for a public use or purpose. *See, e.g., Hawaii Housing Auth. v. Midkiff,* 467 U.S. 229, 240, 104 S.Ct. 2321, 2329, 81 L.Ed.2d 186 (1984); *Berman v. Parker,* 348 U.S. 26, 32–33, 75 S.Ct. 98, 102, 99 L.Ed. 27 (1954). The Supreme Court of Minnesota has similarly held that, under the Minnesota Constitution, a property owner has a right to judicial review of a condemnation to ensure that the taking is for a public use or purpose. *See, e. g., City of Duluth v. State,* 390 N.W.2d 757, 763 (Minn.1986); *City of Shakopee v. Minnesota Valley Electric Coop.,* 303 N.W.2d 58, 62 (Minn. 1981); *Lieser v. Town of St. Martin,* 255 Minn. 153, 158–59, 96 N.W.2d 1, 5–6 (Minn. 1959).

■ Yet, the Minnesota Supreme Court has found certain rights guaranteed to property owners under the Minnesota Constitution that are not similarly guaranteed under the United States Constitution. Under the Minnesota Constitution, a property owner has a right to judicial review of a condemnation to ensure that the taking is for a public use or purpose, but also to ensure that the taking is necessary. *City of Duluth,* 390 N.W.2d at 764; *City of Shakopee,* 303 N.W.2d at 62; *Lieser,* 255 Minn. at 158–59, 96 N.W.2d at 5–6. This additional requirement is not imposed by the United States Constitution. *See Midkiff,* 467 U.S. at 242–43, 104 S.Ct. at 2330 (a party whose property is subject to condemnation may litigate the issue of public use or purpose but not public necessity).

■ Further, not only is there an entitlement to judicial review of both the public purpose and necessity for a taking under the Minnesota Constitution, there is a temporal requirement to such review. Land may be condemned only after a determination of public purpose and necessity. *See City of Minneapolis v. Wurtele,* 291 N.W.2d 386, 395–96 (Minn.1980) (holding that actual taking may not occur until public purpose has been established); *Itasca County v. Carpenter,* 602 N.W.2d 887, 889 (Minn.App.1999) (same). Therefore, a property owner is entitled to judicial review of the public purpose and necessity of a taking prior to the actual taking of property.

Bearing this analysis in mind, we now turn to the case before us. The legislature has delegated to counties the power to acquire property needed for the construction of a county highway by condemnation. Minn.Stat. § 163.11, subd. 3. The county may elect to proceed by either the procedure established in Minn.Stat. ch. 117, or the procedure established in sections 163.11 and 163.12. *Id.* In this case, the county condemned Rapp's property by following the procedures established in sections 163.11 and 163.12.

To condemn land pursuant to sections 163.11 and 163.12, the county must first pass a resolution describing the highway and the tracts of land through which the highway will pass. Minn.Stat. § 163.11, subd. 2. Then, the county board must schedule a time and place that it will meet to discuss the issue of damages for the condemned property. Minn.Stat. § 163.12, subd. 2. At that hearing, the county board must hear from all interested parties regarding the issue of damages. *Id.,* subd. 3. The county may then enter into a written agreement with the party whose land has been condemned regarding the amount of damages to be paid. *Id.,* subd. 4. After an award of damages has been made, section 163.12 provides, in pertinent part, that:

> Subd. 7. **Appeal from award.** [W]ithin 40 days after the filing of the award of damages, any owner or occupant *may appeal from the award* by filing a notice of the appeal with the court administrator of the district court of the county where the lands lie. The notice of ap-

peal shall be accompanied by a bond of not less than $250, with sufficient surety approved by the judge or by the county auditor, conditioned to pay all costs arising from the appeal in case the award is sustained. A copy of the notice together with a copy of the bond shall be served upon the county auditor. The notice of appeal shall specify the award or failure to award appealed from, the land to which it relates, the nature and amount of the claim of appellant, and the grounds of the appeal.

\* \* \* \*

Subd. 10. **Appeal not to delay prosecution of improvement.** After the award of damages has been filed, the board may proceed to open, construct, alter, or change the highway. *An appeal from the award of damages shall not delay* the prosecution of the proposed improvement, and the county board may proceed as if no appeal had been taken.

Minn.Stat. § 163.12, subds. 7, 10 (emphasis added).

Rapp argues that section 163.12 is unconstitutional because there is no opportunity for judicial review of the public purpose and necessity of a condemnation prior to the actual taking of property. A statute is entitled to a fair and reasonable construction, and one that will voice and give effect to the intention of the legislature. *Lyons v. Health & Human Servs. Dept.*, 413 N.W.2d 264, 265 (Minn. App.1987). Provided that the intention of the legislature can be ascertained from the whole act, legislative enactments are not to be defeated on account of inaccuracies of language. Minn.Stat. § 645.16 (1998); *Kersten v. Minnesota Mut. Life Ins. Co.*, 608 N.W.2d 869, 875 (Minn.2000). However, we "cannot supply language that the legislature may have omitted or overlooked." *State v. Hulst*, 510 N.W.2d 262, 264 (Minn.App.1994).

Nowhere within chapter 163 do we find the right to challenge before a court the public purpose and necessity of a taking prior to the taking of land. To the contrary, section 163.12, subdivision 7 limits judicial review of a condemnation occurring under sections 163.11 and 163.12 to the issue of damages. The statute explicitly states:

[W]ithin 40 days after the filing of the award of damages, any owner or occupant may appeal *from the award* by filing a notice of appeal with the court administrator of the district court of where the county where the lands lie.

Minn.Stat. § 163.12, subd. 7 (emphasis added). Thus, a court is limited to reviewing only the damage award and cannot review either the public purpose or the public necessity of the taking. Moreover, "an appeal from the award of damages shall not delay" the county from taking the selected land while the appeal is pending. *Id.*, subd. 10. Thus, not only is the court precluded from reviewing the public purpose and necessity of a condemnation, the plain language of section 163.12, subdivision 10, also precludes judicial review of the public purpose and necessity of a condemnation *before* the actual taking occurs.

This reading of section 163.12, subdivisions 7 and 10 is consistent with the statutory language of, and the case law developed under, the general condemnation provisions of Minn.Stat. ch. 117 (1998). Chapter 117 limits a landowner's right of appeal to an appeal from an award of damages. Minn.Stat. §§ 117.042, 117.145, 117.155. However, case law has found that the reference to public purpose and necessity in section 117.075 provides the requisite right to judicial review of the public purpose and necessity of a condemnation occurring under chapter 117. *City of Shakopee*, 303 N.W.2d at 62. There is no similar language existing in chapter 163 that refers to public purpose or necessity of a condemnation occurring under chapter 163. Absent such language, and in light of the limited review provided for in section 163.12, subdivision 7, we cannot find statutory authority for, or construe the statute to allow, a court to review the

public purpose and necessity of a condemnation occurring under chapter 163.

The county argues that even if section 163.12, subdivisions 7 and 10 do not provide for judicial review of public purpose and necessity of a condemnation, such review may be independently obtained by filing a declaratory judgment action. *See* Minn.Stat. §§ 555.01–16 (1998). This court will generally not consider matters not argued and considered in the court below. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). Because appellant did not raise this issue below, we will not consider it.

## DECISION

Because Minn.Stat. § 163.12, subds. 7, 10 (1998) do not provide for judicial review of the public purpose and necessity of a taking occurring under Minn.Stat. ch. 163 (1998) prior to the actual taking of property, those subdivisions violate the Fifth Amendment to the United States Constitution and Article I, section 13 of the Minnesota Constitution. Accordingly, the condemnation of Rapp's land occurring under chapter 163 is void.

**Affirmed in part and reversed in part.**